FILED'11 JAN 04 15:33USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| PAMELA MARIE MARTIN, | ) | Civil No. 09-3081-JO |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | OPINION AND ORDER |
| | ) | |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | ) ) | |
| | ) | |
| Defendant. | ) | |

Pamela Marie Martin
4729 Logsden Road
Logsden, OR 97357

   Plaintiff Pro Se

Adrian L. Brown
UNITED STATES ATTORNEY'S OFFICE
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204

Kathryn Ann Miller
Terrye Erin Shea
SOCIAL SECURITY ADMINISTRATION
701 Fifth Avenue
Suite 2900 M/S 901
Seattle, WA 98104

   Attorneys for Defendant

JONES, Judge:

Claimant Pamela Martin seeks judicial review of a final decision of the Commissioner of Social Security denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").

This court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). Following a careful review of the record, the court concludes that the Commissioner's decision is supported by substantial evidence, contains no errors of law, and must be affirmed.

## ADMINISTRATIVE HISTORY

Claimant filed applications for DIB and SSI on June 6, 2007, alleging disability since August 16, 2005. The applications were denied initially and on reconsideration.

Claimant requested a hearing, which was held before an Administrative Law Judge ("ALJ") on March 23, 2009. Claimant, represented by counsel, appeared and testified at the hearing. A vocational expert ("VE") testified at a supplemental hearing held on March 26, 2009. On June 3, 2009, the ALJ issued a decision denying claimant's applications. The ALJ's decision became the final decision of the Commissioner on August 21, 2009, when the Appeals Council declined review.

## STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence on the record as a whole. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Tylitzki v. Shalala, 999 F.2d 1411, 1413 (9th Cir. 1993). The court must

2 - OPINION AND ORDER

weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld if it is a rational interpretation of the evidence, even if there are other possible rational interpretations. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989).

## SUMMARY OF THE ALJ'S FINDINGS

The ALJ employed a five-step "sequential evaluation" process in evaluating claimant's disability, as required. See 20 C.F.R. §§ 404.1520, 416.920(a).

First, the ALJ found that claimant has not engaged in substantial gainful activity since August 16, 2005. Second, the ALJ determined that claimant has severe impairments in the form of affective disorder (possibly bipolar disorder), anxiety, history of drug dependence, coumadin therapy precautions, migraine headache disorder with narcotic rebound effect, and lumbar degenerative disc disease with left foot drop. Third, the ALJ found that claimant does not have an impairment or combination of impairments that meets or equals the criteria of any impairment in the Listing of Impairments at 20 C.F.R. Part 404, Subpart P, Appendix 1.

The ALJ then determined that claimant retains the following residual functional capacity ("RFC"):

> [T]o perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she is limited to one to three step tasks due to use of pain medication, and she should avoid working around hazards due to use of prescribed narcotics and precautions of coumadin therapy.

Tr. 65. In making that determination, the ALJ found that claimant's "medically determinable impairments could reasonably be expected to produce some of the alleged symptoms; however,

3 - OPINION AND ORDER

[her] statements concerning the intensity, persistence, and limiting effects of these symptoms are not credible . . . ." Tr. 67.

Fourth, the ALJ determined that claimant is unable to perform any past relevant work. Fifth, the ALJ found, based on the VE's testimony, that claimant, a younger individual with a limited education and the ability to communicate in English, can perform jobs that exist in the national economy, including addresser, assembler of optical goods, bench hand, and bench/table worker. Consequently, the ALJ concluded that claimant was not disabled at any time from August 16, 2005, through the date of her decision within the meaning of the Social Security Act, and denied claimant's applications for benefits.

## STATEMENT OF FACTS

The parties are familiar with the medical and other evidence of record. I will not, therefore, repeat the evidence except as necessary to explain my decision.

## DISCUSSION

At step four, the ALJ determined that claimant has the RFC to perform sedentary work, although she is limited to one to three step tasks and should avoid working around hazards due to her use of pain medications and prescribed narcotics. TR. 65.

Claimant challenges the ALJ's decision on the ground that she did not properly consider the treating physician's opinion in assessing claimant's RFC. Plaintiff's Brief, p. 2. She also contends that the ALJ erred by failing to re-contact claimant's treating physician. Plaintiff's Brief, p. 4. For the following reasons, I affirm the ALJ's decision.

1.  <u>The ALJ Did Not Improperly Reject the Opinion of Claimant's Treating Physician</u>[1]

Claimant argues that the ALJ improperly rejected the opinion of her treating physician, Dr. Jerry Flaming, D.O. Plaintiff's Brief, pp. 2-7. Dr. Flaming completed a form provided by claimant's counsel, wherein he reported that he had been claimant's primary care physician for approximately four months at the time of completing the form. Tr. 944. Dr. Flaming diagnosed claimant as having back pain, chest pain, chronic nonproductive cough, exertional dyspnea, paroxysmal nocturnal dyspnea, weakness, palpitations, peripheral edema, nausea, migraines, insomnia, and nocturia. <u>Id.</u> He limited claimant to the following workplace activities: Occasional lifting and carrying 10 pounds; frequent lifting and carrying less than 10 pounds; sitting, standing, and walking less than two hours in an eight-hour work day; and rare bending, stooping, and twisting. Tr. 946-47. Dr. Flaming concluded that claimant is unable to be exposed to the following workplace stressors: Close interaction with coworkers; contact with the public; complicated, detailed tasks; fast-paced tasks; repetitive, routine tasks at a consistent pace; hazards; and strict deadlines. Tr. 945. He also concluded that claimant would miss work more than four days a month and would need to take ten unscheduled ten to twenty minute breaks a day. Tr. 946-47.

To reject the opinion of a treating physician, the ALJ must give "clear and convincing reasons" supported by "substantial evidence." <u>Bayliss v. Barnhart</u>, 427 F.3d 1211, 1216 (9th Cir.

---

[1] Claimant makes several arguments concerning the ALJ's handling of the treating physician's opinion. These are that the ALJ: (1) did not accord adequate weight to the opinion of claimant's treating physician, (2) failed to provide good reasons for rejecting the opinion of claimant's treating physician, (3) improperly relied on select portions of the opinion of claimant's treating physician, (4) failed to consider the factors set forth in 20 C.F.R. § 404.1527(d) in evaluating the opinion of claimant's treating physician, and (5) did not support her reasons for rejecting the opinion of claimant's treating physician with substantial evidence.

2005). If, however, the opinion of a treating physician is contradicted by a nontreating physician, the ALJ need only provide "specific and legitimate reasons" supported by "substantial evidence" to reject the opinion of the treating physician. Id. A nontreating physician's opinion must be viewed as substantial evidence when it is based on independent objective testing. Id. (citing Miller v. Heckler, 770 F.2d 845, 849 (9th Cir. 1985)).

The second standard applies here, as the ALJ found that Dr. Flaming's opinion was contradicted by those of claimant's other healthcare providers. See Tr. 66-67. An ALJ provides specific and legitimate reasons supported by substantial evidence when he or she thoroughly summarizes the conflicting medical evidence, states the interpretation thereof, and makes findings. Magallanes, supra 881 F.2d at 751 (citing Cotton v. Bowen, 799 F.2d 1403, 1408 (9th Cir.1986)).

The ALJ found that the record as a whole did not support Dr. Flaming's assessment that claimant suffers from significant mental and physical limitations, precluding all work activity. Tr. 67. The ALJ noted that she gave less weight to "Dr. Flaming's opinion because it [was] based on [claimant's] subjective complaints to a greater extent than on . . . objective findings." Id. The ALJ may properly discount the opinion of a treating physician that is unsupported by objective evidence and based on claimant's subjective descriptions of pain. Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004). The ALJ supported her decision to accord less weight to Dr. Flaming's assessment by reference to medical reports from the Depoe Bay Clinic, where Dr. Flaming was the treating physician. Tr. 67. These reports demonstrate a pattern of subjective complaints unsubstantiated by objective findings. See Tr. 902-22, 944-86. The ALJ specifically noted that Dr. Flaming's diagnosis of bipolar disorder was based on the history that

claimant provided and that his own subsequent observations did not indicate symptoms sufficient to support a diagnosis of bipolar disorder as a severe impairment. Tr. 67 (citing Tr. 924).

The ALJ also discussed at length claimant's specific complaints and her reasons for finding claimant not credible. Tr. 65-67. The ALJ determined that claimant's complaints reflected exaggeration because they were not corroborated by objective testing. Tr. 66. The ALJ noted that claimant repeatedly presented to the emergency department with complaints of chest pain and shortness of breath after successfully undergoing aortic valve replacement. Id. However, repeated diagnostic testing showed no significant abnormalities. Tr. 66 (citing Tr. 265-444, 459-80, 692-732, 784-93). Diagnostic testing based on claimant's complaints of back pain and severe migraine headaches were also unremarkable. Tr. 66 (citing Tr. 551-564, 589-99). The ALJ found claimant's history of drug seeking behavior relevant in assessing her reported impairments, as such behavior goes towards her credibility and reports of necessary treatment. Tr. 66. The ALJ noted that claimant repeatedly presented with complaints of dental pain and heavy menstrual cramping, for which she was prescribed pain medication. Tr. 66 (citing Tr. 445-58, 481-536). However, claimant's primary care provider, Dr. Charles Bury, M.D., declined to prescribe claimant with any further narcotic pain medication on one such occasion. Tr. 66 (citing Tr. 565-66). Dr. Bury also recommended that claimant not be prescribed narcotic pain medication when she presented to the emergency department in August 2007 complaining of severe migraine headaches based on indications that claimant's headaches were related to overuse of pain medication and due to claimant's history of dependence on narcotics. Tr. 66 (citing Tr. 600-03, 608-22, 646-54, 661-63).

7 - OPINION AND ORDER

The ALJ also referenced the medical reports of other physicians, which further show that claimant's subjective complaints were not substantiated by objective findings. Tr. 66-67 (citing Tr. 306-444, 459-80, 551-64, 692-732, 878-900). Contrary to Dr. Flaming's diagnosis of bipolar disorder (discussed above), the ALJ noted that Dr. Bury diagnosed claimant with mild depression that did not warrant psychiatric evaluation. Tr. 67 (citing Tr. 464-54). Brain imaging technology employed when claimant presented to the emergency department in September 2008 was normal and claimant was released with no suggestion that a psychiatric evaluation was necessary. Tr. 67 (citing Tr. 804-814).

The medical reports the ALJ cites and the record as a whole support the ALJ's rejection of the number and severity of limitations Dr. Flaming reported. The ALJ provided specific reasons for rejecting Dr. Flaming's assessment by (1) referencing those medical reports that demonstrated no objective medical reasons for claimant's complaints or the severity of claimant's complaints, (2) referencing and discussing the reports of other physicians that called Dr. Flaming's opinion into question, and (3) citing specific reasons why the ALJ found claimant's complaints not credible and reflective of exaggeration and drug dependency. For the foregoing reasons, the ALJ properly rejected Dr. Flaming's opinion.

2.  The ALJ Did Not Commit Reversible Error by Not Re-Contacting Claimant's Treating Physician

Claimant argues that the ALJ committed reversible error by failing to re-contact her treating physician pursuant to 20 C.F.R. § 404.1512(e). Plaintiff's Brief, p. 4. The ALJ is only required to re-contact a treating physician if the physican's report is "ambiguous or insufficient for the ALJ to make a disability determination." Bayliss, supra 427 F.3d at 1217

8 - OPINION AND ORDER

(citing 20 C.F.R. §§ 404.1512(e), 416.912(e); Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002)). The ALJ found sufficient evidence to make a disability determination, and the ALJ's determination has substantial evidentiary support in the record as a whole. Therefore, the ALJ did not have a duty to re-contact claimant's treating physician, and her failure to do so is not reversible error.

## CONCLUSION

For the foregoing reasons, and based upon a review of the record, I conclude that the Commissioner's decision is supported by substantial evidence, contains no errors of law, and is, therefore, AFFIRMED.

DATED this 4th day of January, 2011.

_____
ROBERT E. JONES
U.S. District Judge

9 - OPINION AND ORDER